NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MICHAEL GERALD GAMBOA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 07-02-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| D.L. STINE, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

**  **  **  **  **

Michael Gerald Gamboa ("Gamboa"), a prisoner incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.  [Record No. 2]  This matter is before the Court for screening.  28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Gamboa is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

-1-

## I.      BACKGROUND

On May 29, 2002, Gamboa and his residence were searched by state and federal authorities in Minnesota on suspicion of trafficking in methamphetamine in Grand Forks and Fargo, North Dakota.  A September 13, 2002, superseding indictment filed in North Dakota charged Gamboa with possession with intent to distribute a controlled substance in violation of 21 U.S.C. §841(a)(1); conspiracy to possess, distribute, and manufacture a controlled substance in violation of 21 U.S.C. §846; possession of a controlled substance in violation of 21 U.S.C. §844(a); possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1); and use of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A).

On January 9, 2003, following a 9-day jury trial, Gamboa was found guilty on all counts. In his pre-sentencing memorandum, Gamboa challenged his conviction under Section 924(c)(1) on the ground that the jury had not made a specific finding that his weapon qualified as a "machine gun" under Section 924(c)(1)(B)(ii).  At the April 16, 2003 sentencing hearing, the trial court found that the modified IMI .45 caliber UZI employed by Gamboa constituted a "machine gun" under that section.  The trial court sentenced Gamboa to a cumulative term of incarceration of two life sentences and a term of thirty years, each to run consecutively.

On April 29, 2003, Gamboa appealed his conviction and sentence to the Eighth Circuit Court of Appeals on a number of grounds.  Most importantly for purposes of his present habeas corpus petition, Gamboa argued that his conviction under Section 924(c)(1) was invalid because the determination that he possessed a "machine gun" as described in Section 924(c)(1)(B)(ii) was

found by the trial judge applying a "preponderance of the evidence" standard instead of by a jury applying a standard of "beyond a reasonable doubt."

On May 30, 2006, the Eighth Circuit issued its mandate, affirming Gamboa's conviction in all material respects.  In reaching its decision, that court rejected Gamboa's argument that *Castillo v. United States*, 530 U.S. 120 (2000), which invalidated this approach under a prior version of Section 924(c)(1), remained applicable after Section 924 was amended in 1998.  The 1988 version of Section 924(c)(1) made possession of a machine gun "an element of a separate, aggravated crime." *Castillo*, 530 U.S. at 131.  In Gamboa's appeal, the Eighth Circuit joined the Fourth, Seventh, and Tenth Circuits in holding that, applying the structural construction analysis of Section 924(c) employed by the Supreme Court in *Harris v. United States*, 536 U.S. 545 (2002), the structural changes to the statute enacted by Congress in 1998 rendered the possession of a machine gun merely a sentencing factor to be decided by the judge.  In so holding, the panel noted in passing the Sixth Circuit's contrary holding in *United States v. Harris*, 397 F.3d 404, 409-14 (6th Cir. 2005).  *United States v. Gamboa*, 439 F.3d 796, 811 (8th Cir. 2006).

However, the Eight Circuit agreed with Gamboa that using a single act to charge him with being both a felon in possession of a firearm under 18 U.S.C. §922(g)(1) in Count 6 and a fugitive in possession of a firearm under 18 U.S.C. §922(g)(2) in Count 7 violated the Double Jeopardy Clause.  As a result, the court vacated his conviction under Count 7, and remanded the case to the trial court for entry of a revised judgment.  On November 17, 2006, the Supreme Court denied Gamboa's petition for a writ of certiorari. *United States v. Gamboa*, 03-CR-47, District of North Dakota [Record Nos. 1, 16, 62, 204, 221, 225, 226, 294, 302, 322, 415 therein].

-3-

In his present petition, Gamboa re-asserts his claim that the finding that he used a machine gun in violation of Section 924(c)(1)(B)(ii) must be found by a jury beyond a reasonable doubt under *Castillo* and *Harris*.  Gamboa expressly relies upon the presence of controlling, adverse authority in the Eighth Circuit as a basis to assert that his remedy under Section 2255 is "inadequate and ineffective" sufficient to invoke habeas relief under Section 2241, and upon the presence of controlling, favorable authority in the Sixth Circuit to warrant granting relief on the merits.

## II.   DISCUSSION

Gamboa's assertions are not cognizable through a habeas corpus petition brought pursuant to 28 U.S.C. §2241.  Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility.  *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).  This statutory section it is not generally available to challenge his conviction or sentence itself.  Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the "savings clause" of Section 2255 expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention.  28 U.S.C. §2255, ¶5.  In the present case, Gamboa asserts that his Section 2255 remedy is inadequate or ineffective to accomplish this, thus invoking Section 2255's savings clause.

However, before Gamboa's claims may be considered on the merits under Section 2241, the Court must determine whether his remedy under Section 2255 is truly "inadequate or ineffective." Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). Instead, it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the

petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."). In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241."); *Peterman*, 249 F.3d at 461-62.

Gamboa's claim is that the trial court violated his Sixth Amendment right to trial by jury when it convicted him under Section 924(c)(1)(B)(ii) without a jury finding beyond a reasonable doubt that he had employed a machine gun. This claim is not a claim of "actual innocence" because, even if true, the trial court did not convict him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin*, 319 F.3d at 805; *Charles*, 180 F.3d at 757. Gamboa points to no decision of the Supreme Court handed down after his conviction became final on November 16, 2006, which more narrowly interprets the terms of Section 924(c)(1)(B)(ii) in a manner which indicates that Gamboa did not violate the statute.

Gamboa's claim arises as a matter of constitutional law rather than statutory interpretation, and hence is cognizable, if at all, under Section 2255. Because his claim is thus

not cognizable in a habeas corpus proceeding under Section 2241, *Bousley v. United States*, 523 U.S. 614, 620 (1998), his petition must be denied.

### III.    CONCLUSION

The Court being sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Petitioner Gamboa's petition for a writ of habeas corpus is **DENIED.**

(2)     The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 5th day of January, 2007.



Signed By:

**_Danny C. Reeves_** DCR

**United States District Judge**